Brown v. Garland

BIA
A047 924 138

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of October, two thousand twenty-two.

PRESENT:
        **RAYMOND J. LOHIER, JR.,**
        **RICHARD J. SULLIVAN,**
        **STEVEN J. MENASHI,**
                *Circuit Judges.*

_____

**SHAWN A. BROWN,**
        *Petitioner,*

        **v.**                                    **19-1622**
                                                  **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
        *Respondent.*

_____

**FOR PETITIONER:**            Sarah T. Gillman, Gregory P. Copeland, Rapid Defense Network, New York, NY.

**FOR RESPONDENT:**            Joseph H. Hunt, Assistant Attorney General; Keith I. McManus, Assistant Director;

Rachel L. Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shawn A. Brown, a native and citizen of Jamaica, seeks review of a May 24, 2019 decision of the BIA, denying his motion to reopen. *In re Shawn A. Brown,* No. A047 924 138 (B.I.A. May 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Our jurisdiction to review a final order of removal, including a denial of a motion to reopen, is limited when the removal was for an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C); *Durant v. U.S. INS*, 393 F.3d 113, 115 (2d Cir. 2004). But we have jurisdiction to review the issues raised here whether Brown established his prima facie eligibility for relief under the Convention Against Torture ("CAT") in connection with his ineffective assistance of counsel claim, and whether his removability is in question —

2

because they implicate constitutional claims or questions of law, and because the jurisdictional limitation does not extend to CAT claims. *See* 8 U.S.C. § 1252(a)(2)(D); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020) (holding that the jurisdictional limitations to review of removal orders do not apply to CAT orders given that CAT relief does not affect the validity of final orders of removal); *Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) ("A claim of ineffective assistance of counsel is a constitutional claim."); *Pascual v. Holder*, 707 F.3d 403, 404 (2d Cir. 2013) (recognizing that "whether a specific conviction constitutes an aggravated felony" for the purposes of removal is a question of law). The applicable standards of review are well established. *See Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020) (reviewing questions of law *de novo* and factual findings for substantial evidence).

It is undisputed that Brown's January 2019 motion to reopen was untimely because he filed it over ten months after his removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day filing deadline); 8 C.F.R. § 1003.2(c)(2) (same). Although the time for filing

a motion to reopen may be equitably tolled based on ineffective assistance of counsel, *see Iavorski v. U.S. INS*, 232 F.3d 124, 126-27 (2d Cir. 2000), the BIA did not err in finding that Brown had failed to show the requisite prejudice for an ineffective assistance claim, *see Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994). Indeed, Brown did not explain what evidence his prior counsel should have submitted, or what testimony he should have elicited at the removal hearing, to establish Brown's prima facie eligibility for CAT relief. *See id.* at 882 ("In order for [petitioner] to show that his attorney's failure to file caused him actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application."). The evidence Brown submitted with his motion did not address the agency's underlying, dispositive findings that he failed to show that the Jamaican government would likely torture him or acquiesce in his torture or that he would be perceived as a member of the LGBT community.

The BIA also did not err in declining to reopen Brown's case in light of the Supreme Court's decision in *Sessions v.*

4

*Dimaya*, 138 S. Ct. 1204 (2018). Even if *Dimaya* called into question Brown's removability for an aggravated felony crime of violence, reopening was not warranted because Brown remained removable on the ground that his robbery conviction was an aggravated felony theft offense. *See* 8 U.S.C. §§ 1101(a)(43)(G), 1227(a)(2)(A)(iii).

We have considered all of Brown's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5